David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Rd., Ste. 300
Phoenix, Arizona 85012-1677
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff
Chad Sauerbry

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Chad Sauerbry | **Case Number:** |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Creditors Interchange | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Chad Sauerbry, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Creditors Interchange, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Buffalo, the County of Erie, and the State of New York.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before March 5, 2010, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before March 5, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before March 5, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about March 5, 2010, Defendant telephoned Plaintiff and left a message on Plaintiff's voicemail.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. Defendant failed to disclose in this initial verbal communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

23. On or about March 5, 2010, Defendant's agent called Plaintiff more than once, leaving two voicemails for Plaintiff within a short amount of time.

24. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

25. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

26. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

27. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or

**HYDE & SWIGART**
Phoenix, Arizona

judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

28. On or about March 8, 2010, Defendant's agent, Phil Bifulco, again left a message for Plaintiff on Plaintiff's voicemail.

29. In this voicemail, Defendant's agent threatened Plaintiff that a "forcible claim will be filed against you."

30. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

31. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

32. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

33. Defendant failed disclose in subsequent communications that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

34. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

35. On or about March 12, 2010, Defendant's agent Amy Seely called Plaintiff and left a message on Plaintiff's voicemail.

36. In this message, Defendant's agent stated she was calling from "Phil Bifulco's Office," and failed to state that she was calling from Creditors Interchange.

37. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity.  Consequently, Defendant violated 15 U.S.C. § 1692d(6).

38. Defendant also failed disclose in this subsequent communication that the communication was from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

39. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

40. On over a dozen occasions throughout the months of March and April 2010, Defendant's agent, Phil Bifulco left messages for Plaintiff on Plaintiff's voicemail and each time failed to state Defendant was calling from Creditors Interchange.

41. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity.  Consequently, Defendant violated 15 U.S.C. § 1692d(6).

42. Defendant also failed disclose in these subsequent communications that the communication was from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

43. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

44. On or about March 22, 2010, Defendant's agent called Plaintiff more than once, leaving two voicemails for Plaintiff.

45. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be

known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

46. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

47. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

48. On or about March 23, 2010, Defendant's agent, Phil Bifulco, again left a message for Plaintiff on Plaintiff's voicemail.

49. In this voicemail, Defendant's agent again threatened Plaintiff that a "forcible claim for judgment" will be filed.

50. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

51. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

52. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

53. Defendant failed disclose in subsequent communications that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

54. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

55. On or about April 2010, Defendant's agent Amy Seely called Plaintiff and left a message on Plaintiff's voicemail.
56. In this message, Defendant's agent failed to state that she was calling from Creditors Interchange.
57. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity.  Consequently, Defendant violated 15 U.S.C. § 1692d(6).
58. Defendant also failed disclose in this subsequent communication that the communication was from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).
59. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).
60. During this same time period, Defendants called Plaintiff's mother, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.
61. During this call, Defendant's agent made the comment, "Chad doesn't know how to pay his bills."
62. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.
63. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

64. Due to Defendant's abusive actions concentrated in a short amount of time, overwhelmed Plaintiff, causing him to suffer a great deal of mental anguish in the form of sleeplessness, changes in appetite, feelings of hopelessness, pessimism, nervousness, stress, anxiety, embarrassment, depression, and fear of answering the telephone.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

67. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

68. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

69. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

70. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

71. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 21, 2010                    **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff